## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KRISTIN CUNNINGHAM,** | |
| **Plaintiff,** | |
| **v.** | **Case No.**  CIV-20-1158-R |
| **ARAMARK CAMPUS, LLC,** | |
| **Defendant.** | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Aramark Campus, LLC ("Aramark"), by and through its attorneys, hereby removes this action from the District Court of Cleveland County, Oklahoma, to the United States District Court for the Western District of Oklahoma. Removal is proper because this action involves a federal question and, thus, this Court has subject matter jurisdiction. In support of removal, Aramark states as follows:

## STATE COURT ACTION

1.       On October 13, 2020, Plaintiff Kristin Cunningham ("Plaintiff" or "Cunningham") commenced this action by filing a Petition against Aramark in the District Court of Cleveland County, Oklahoma, titled *Kristin Cunningham v. Aramark Campus, LLC*, and designated Case No. CJ2020956 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Petition is attached hereto as Exhibit 1, and the rest of the state court file including a copy of the state court docket as of the filing of this Notice, is attached as Exhibit 2.

2.       In the State Court Action, Plaintiff alleges that Aramark violated the Family Medical Leave Act (29 U.S.C. § 2601 *et seq.*), the Americans with Disability Act (42 U.S.C. § 126 *et seq.*), and Title VII of the Civil Rights Act (42 U.S.C. § 2000(e) *et seq.*), and demands a jury trial. *See* Ex. 1.

.1

3. On October 20, 2020, counsel for Aramark received notice of the complaint via a courthouse reporting service.

4. On October 26, 2020, Plaintiff served the Petition on Aramark.

**REMOVAL IS PROPER**

5. As set forth in 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the Petition asserts claims arising under the laws of the United States—namely, allegations that Aramark violated (1) the Family Medical Leave Act (29 U.S.C. § 2601 *et seq.*) by "[i]nterfering with Plaintiff's rights under the FMLA and retaliating against Plaintiff for requesting FMLA and/or complaining of FMLA violations"; (2) the Americans with Disability Act (42 U.S.C. § 126 *et seq.*) by "[d]iscriminating against [Plaintiff] because of [her] family member has a disability, and retaliating against [Plaintiff] for complaining of disability discrimination"; and (3) Title VII of the Civil Rights Act (42 U.S.C. § 2000(e) *et seq.*) by "[r]etaliating against [Plaintiff] for complaining of gender discrimination." *See* Ex. 1 ¶¶ 32-47. Accordingly, Aramark may remove this case to this Court pursuant to 28 U.S.C. § 1441(a) without regard to the citizenship of the parties or amounts in controversy.

7. This Court also has supplemental jurisdiction over Plaintiff's discrimination and retaliation claims arising under the Oklahoma Anti-Discrimination Act (OK Stat. Tit. 25 § 1301 *et seq.*), pursuant to 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**VENUE IS PROPER**

8.        Under 28 U.S.C. § 1441(a), an action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiff filed her Petition in the District Court of Cleveland County, Oklahoma, meaning the United States District Court for the Western District of Oklahoma is the federal district court to which this case must be removed.

**REMOVAL IS TIMELY**

9.        A notice of removal must be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the state court petition.  28 U.S.C. § 1446(b).  The Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (quoting 28 U.S.C. § 1446(b)).

10.       Aramark first received a copy of the Petition on October 20, 2020, when its counsel downloaded it from a court reporting service.  Plaintiff served the summons and Petition on Aramark's registered agent on October 26, 2020.

11.       Under *Murphy Bros.* and its progeny, Aramark has 30 days from the date of service to remove.  Aramark filed this Notice of Removal on November 16, 2020—within 30 days from the date of service.[1]  Accordingly, removal is timely.

**STATE COURT PLEADINGS**

12.       Pursuant to 28 U.S.C. § 1446(a), with this Notice, Aramark is simultaneously filing

---

[1] This action would be timely removed even if the date of receipt was used to trigger the 30-day removal period in 28 U.S.C. § 1446(b).

3

copies of all process, pleadings, and orders existing on file in the state court in this removed action. Copies of these removal documents are attached to this Notice of Removal at Exhibits 1 and 2. Further, under 28 U.S.C. § 1446(d), Aramark will file a true and correct copy of this Notice of Removal with the Clerk of the District Court of Cleveland County, Oklahoma.

### CONCLUSION

WHEREFORE, Aramark respectfully requests that the above action now pending in the District Court of Cleveland County, Oklahoma, Case No. CJ2020956, be removed to the United States District Court for the Western District of Oklahoma.

Date: November 16, 2020

**Respectfully Submitted By:**

**DEFENDANT ARAMARK CAMPUS LLC**

By: */s/ Shawn D. Golden*
Shawn D. Golden (Oklahoma Bar No. 21431)
shawn.golden@morganlewis.com
713.890.5154
Ethel J. Johnson (*pro hac vice* anticipated)
ethel.johnson@morganlewis.com
713.890.5191
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005

Thomas H. Severson (*pro hac vice* anticipated)
tom.severson@morganlewis.com
312.324.1149
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

ATTORNEYS FOR DEFENDANT ARAMARK CAMPUS, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020, a copy of the foregoing document was filed electronically through the Court's CM/ECF system and served via electronic mail and U.S. mail with postage prepaid on the following counsel of record:

Mark E. Hammons
Amber L. Hurst
Hammons, Hurst & Associates
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
amber@hammonslaw.com

*/s/ Thomas H. Severson*
Thomas H. Severson