IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. KRISTIN CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | Case No. CIV-20-1158-R |
| v. ) | |
| ) | |
| 1. ARAMARK CAMPUS, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and, pursuant to Fed.R.Civ.P. 15(a)(B), hereby amends her claims as follows:

## PARTIES

1. The Plaintiff is Kristin Cunningham, an adult resident of Cleveland County, Oklahoma.

2. The Defendant is Aramark Campus, LLC, a foreign company doing business in Oklahoma County, Oklahoma.

## VENUE

3. Plaintiff's claims are for disability discrimination and retaliation after she complained of disability discrimination, in violation of the Americans with Disabilities Act (ADA) and Oklahoma's Anti-Discrimination Act (OADA); discrimination on the basis of Plaintiff's sex in the form of and retaliation after Plaintiff complained of sex discrimination, in violation of Title VII and the OADA; interference with Plaintiff's rights under the Family Medical Leave Act (FMLA) and retaliation after Plaintiff exercised and/or sought to exercise such rights.

4. Most of the conduct giving rise to this litigation occurred in Cleveland County, Oklahoma, which is a county within the United States District Court for the Western District of Oklahoma. Plaintiff filed her initial Petition in Cleveland County which the Defendant removed to this Court on November 17, 2020. This Court has federal question jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

## STATEMENT OF FACTS

5. The Defendant employed at least fifty employees within seventy-five road miles of Plaintiff's work location for at least twenty weeks of the current or proceeding year, such that it is an employer under the Family Medical Leave Act, the Americans with Disabilities Act and Title VII of the Civil Rights Act. There is no minimum employee requirement to be subject to the Oklahoma Anti-Discrimination Act.

6. Plaintiff began employment with Defendant's predecessor company around August 12, 2017.

7. Defendant took over the predecessor company, and became Plaintiff's employer, around October 1, 2018.

8. During all periods of employment the Plaintiff worked under the job title of Cashier.

9. During all periods of employment the Plaintiff was qualified for her job and performed satisfactorily.

10. At the time of Plaintiff's employment with Defendant and its predecessor company the Plaintiff's mother had suffered two stroke, at least one hemorrhagic, which

caused her to lose muscle control and feeling in part of her body and impairments related to sight, memory and speech.

11. Plaintiff's mother's impairments, described in para. 10, above, substantially limited one or more major life activities (including major bodily functions) including circulatory function, brain function, vision, memory and speech such that Plaintiff's mother had an actual disability as defined by the Americans with Disabilities Act.

12. Because of the conditions of Plaintiff's motion, described in pars. 10-11, above, she also had a record of a disability under the ADA.

13. For reasons including those described in paras. 10-11, above, Plaintiff's mother had a serious medical condition.

14. Beginning around August 21, 2018 the Plaintiff requested and began taking FMLA leave to care for her mother because of her mother's serious medical condition.

15. At the time of her need to take FMLA leave the Plaintiff had worked for the Defendant's predecessor company for at least one year and had worked at least 1,250 hours in the prior twelve months.

16. Around October 1, 2018 the Defendant, through Shannon Swaney (Regional HR Manager) told Plaintiff that the Defendant would not allow her to utilize FMLA leave to care for her mother because she (Plaintiff) had not worked for the Defendant for one year (although Plaintiff had worked for Defendant's predecessor company for at least one year).

17. Ms. Swaney told Plaintiff that Defendant would allow her to take "personal leave" to care for her mother until November 1, 2018, but that Plaintiff was required to return to work by November 1, 2018.

18. Defendant's refusal to allow Plaintiff to use her protected FMLA leave constituted an interference with Plaintiff's FMLA rights.

19. Around the beginning of February 20, 2019 Plaintiff told her supervisor, Jennifer Wright (Sales Director) about her mother's medical condition, that Plaintiff had previously taken FMLA leave to care for her mother and that Plaintiff still needed days off work to care for her mother because of her mother's serious health condition.

20. Around this time Plaintiff requested time off work to care for her mother, including to take her mother to a doctor's appointment because of her serious health condition.

22. Ms. Wright denied Plaintiff's request.

23. Until the time of her termination Plaintiff continued to ask off work to care for her mother, including to take her mother to doctor appointments for her serious health condition/disability.

24. Ms. Wright continued to deny Plaintiff's requests.

25. Around March or April 2019 Plaintiff learned that Ms. Swaney, Ms. Wright and others had been spreading rumors that Plaintiff was a lesbian and in a lesbian relationship with a co-worker.

26. Around April 20, 2019 Plaintiff made a complaint of sex discrimination to Amanda Wiles (HR Manager) and Dawnita Montgomery (Director of Operations).

27. During this period Plaintiff also complained that Ms. Wright was denying Plaintiff's requests for FMLA leave to care for her mother.

28. Defendant terminated Plaintiff's employment around May 22, 2019.

29. As a direct result of the Defendant's conduct, the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages including worry, sadness, frustration and similar unpleasant emotions.

30. At the least, motivating factors in the decision to terminate the Plaintiff included Plaintiff's mother's disability with the but-for causes of Plaintiff's termination including Plaintiff's requests for FMLA leave and complaints of gender and disability discrimination.

31. Plaintiff has exhausted her administrative remedies by timey filing an EEOC charge of discrimination around September 26, 2019.  The EEOC issued Plaintiff her right to sue letter around August 24, 2020 and Plaintiff received such letter thereafter. Plaintiff's initial petition was timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

## **COUNT I**

Plaintiff incorporates the above and further alleges:

32. Interfering with Plaintiff's rights under the FMLA and retaliating against Plaintiff for requesting FMLA and/or complaining of FMLA violations are violations of the FMLA.

33. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages).

34. Plaintiff is also entitled to an award of liquidated damages.

35. Under this Count the Plaintiff is entitled to an award of attorney fees and costs.

## COUNT II

Plaintiff incorporates the above and further alleges:

36. Discriminating against an employee because their family member has a disability, and retaliating against the employee for complaining of disability discrimination, violate the ADA and Oklahoma's Anti-Discrimination Act (OADA).

37. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages).

38. Plaintiff is entitled to emotional distress/dignitary harm damages under the ADA.

39. Because the Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages under the ADA.

40. Plaintiff is entitled to an award of liquidated damages under the OADA.

41. Plaintiff is entitled to an award of attorney fees and costs.

## COUNT III

Plaintiff incorporates the above and further alleges:

42. Retaliating against an employee for complaining of gender discrimination violates Title VII of the Civil Rights Act and the OADA.

43. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages).

44. Plaintiff is entitled to emotional distress/dignitary harm damages under Title VII.

45. Because the Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages under Title VII.

46. Plaintiff is entitled to an award of liquidated damages under the OADA.

47. Plaintiff is entitled to an award of attorney fees and costs.

## PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the Defendants, and grant her all compensatory damages suffered, together with all damages, liquidated damages, attorneys' fees, costs and interest, and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 8th DAY OF DECEMBER 2020**.

HAMMONS, HURST & ASSOCIATES

s/Amber L. Hurst
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Email: amber@hammonslaw.com
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2020, a copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including:

Shawn D. Golden (Oklahoma Bar No. 21431)
shawn.golden@morganlewis.com
713.890.5154
Ethel J. Johnson (pro hac vice anticipated)
ethel.johnson@morganlewis.com
713.890.5191
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005

And

Thomas H. Severson (pro hac vice anticipated)
tom.severson@morganlewis.com
312.324.1149
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

ATTORNEYS FOR DEFENDANT ARAMARK
CAMPUS, LLC                                                              s/Amber L. Hurst